```
              IN THE UNITED STATES DISTRICT COURT
             FOR THE WESTERN DISTRICT OF TENNESSEE
                          WESTERN DIVISION
```
_____

| | |
|---|---|
| JOSEPH DINGLER, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )   No. 20-2436-JTF-tmp |
| | ) |
| SHELBY COUNTY PROBATE COURT | ) |
| CLERK, et al., | ) |
| | ) |
|     Defendants. | ) |

_____

### REPORT AND RECOMMENDATION
_____

Before the court is Joseph Dingler's *pro se* complaint against the Shelby County Probate Court Clerk, Shelby County Probate Court, Bill Morrison, and Sam Powers. (ECF Nos. 1 & 11.) Pursuant to Administrative Order No. 2013-05, this case has been referred to the United States magistrate judge for management and for all pretrial matters for determination or report and recommendation, as appropriate. For the reasons below, the undersigned recommends that the complaint be dismissed *sua sponte* pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

### I.  PROPOSED FINDINGS OF FACT

Joseph Dingler filed his complaint on June 18, 2020, on a court-provided form for persons seeking to file a habeas corpus petition under 28 U.S.C. § 2241. (ECF No. 1.) Dingler later filed a motion to amend his complaint to add additional defendants,

although Dingler did not actually attach an amended complaint. (ECF No. 11.) Neither document contains a statement of facts identifying the grounds for Dingler's relief. On June 18, 2020, Dingler filed a motion for leave to proceed *in forma pauperis* and submitted an accompanying affidavit of indigence. (ECF No. 2.) The undersigned granted Dingler's motion to proceed *in forma pauperis* On July 9, 2020. (ECF No. 24.)

During the undersigned's initial screening of Dingler's complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), the undersigned noted that the complaint likely did not state a claim upon which relief can be granted because Dingler was not eligible for habeas corpus review as a non-prisoner. (ECF No. 26.) Consequently, on July 10, 2020, the undersigned issued an order authorizing Dingler to amend his complaint so that he could state a claim on which relief could be granted. (ECF No. 26.) The order gave him until August 17, 2020, to file an amended complaint and noted that the undersigned would consider the original complaint under the § 1915(e)(2)(B)(i-iii) screening standard if he did not amend his complaint accordingly. (ECF No. 26.) Dingler did not file an amended complaint. Rather, on July 10, 2020, he filed a motion to amend the original complaint in which he argued at length that he is entitled to habeas corpus review and that a claim under 42 U.S.C. § 1983 would not be in his best interest. (ECF No. 28.)

Still without filing an amended complaint, on August 19, 2020, Dingler filed a motion for miscellaneous relief and expedited review. (ECF No. 31.) The motion for relief included requests for default judgment under Federal Rule of Civil Procedure ("FRCP") 55, summary judgment under FRCP 56, and seizure of property under FRCP 64. (ECF No. 31.) As the undersigned noted in the July 10 Order, the crux of Dingler's allegations in federal court is that his constitutional rights were violated when Tennessee state court officials denied his motion to proceed *in forma pauperis* in a probate matter on the grounds that Tennessee state law does not allow persons who live out-of-state to file *in forma pauperis* motions.[1] (ECF No. 26.) Dingler's complaint and his subsequent filings state that he is not currently incarcerated or on probation. (ECF Nos. 1, 26, 31.)

## II.  PROPOSED CONCLUSIONS OF LAW

### A.  Standard of Review

The undersigned is required to screen *in forma pauperis* complaints and must dismiss any complaint, or any portion thereof, if the action: (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary

---

[1] In his motion to amend his complaint, Dingler appears to raise a second cause of action based on denial of access to the courts, alleging he was prevented from using Westlaw or Lexis at the SMU Dedmond School of Law in Dallas, Texas, because of restrictions relating to the COVID-19 pandemic. (ECF No. 28, at 5.)

- 3 -

relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i-iii).

To avoid dismissal for failure to state a claim, "'a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" Hill v. Lappin, 630 F.3d 468, 470-71 (6th Cir. 2010) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)); see also Fed. R. Civ. P. 12(b)(6). "A claim is plausible on its face if the 'plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" Ctr. for Bio-Ethical Reform, Inc. v. Napolitano, 648 F.3d 365, 369 (6th Cir. 2011) (quoting Iqbal, 556 U.S. at 678). Without factual allegations in support, mere legal conclusions are not entitled to the assumption of truth. Iqbal, 556 U.S. at 679.

*Pro se* complaints are held to less stringent standards than formal pleadings drafted by lawyers and are thus liberally construed. Williams v. Curtin, 631 F.3d 380, 383 (6th Cir. 2011) (quoting Martin v. Overton, 391 F.3d 710, 712 (6th Cir. 2004)). Even so, *pro so* litigants must adhere to the Federal Rules of Civil Procedure, see Wells v. Brown, 891 F.2d 591, 594 (6th Cir. 1989), and the court cannot create a claim that has not been spelled out in a pleading. See Brown v. Matauszak, 415 F. App'x 608, 613 (6th Cir. 2011); Payne v. Sec'y of Treas., 73 F. App'x 836, 837 (6th Cir. 2003).

**B.   Habeas Corpus**

The undersigned recommends that the court *sua sponte* dismiss Dingler's complaint pursuant to 28 U.S.C. §1915(e)(2)(B)(ii). Dingler's claims rely exclusively on 28 U.S.C. § 2241.[2] "Section 2241 provides jurisdiction to district courts over habeas petitions when a petitioner 'is in custody in violation of the Constitution or laws or treaties of the United States.'" Wilson v. Williams, 961 F.3d 829, 837 (6th Cir. 2020) (quoting 28 U.S.C. § 2241). While it does not require actual incarceration, the "in custody" requirement mandates that the petitioner's liberty be severely restrained by the government. Leslie v. Randall, 296 F.3d 518, 521 (6th Cir. 2002); see Maleng v. Cook, 490 U.S. 488, 491-92 (1989) ("[W]e have never extended [the in custody requirement] to the situation where a habeas petitioner suffers no present restraint from a conviction."). "Collateral consequences of a conviction, such as [restraints on] the ability 'to vote, engage in certain businesses, hold public office, or serve as a juror,' are . . . insufficient to satisfy the 'in custody

---

[2] The undersigned's order authorizing Dingler to amend his complaint noted that other statutes might be available to him, such as 42 U.S.C. § 1983. (ECF No. 26.); see, e.g., Lomaz v. Hennosy, 151 F.3d 493, 500 (6th Cir. 1998) ("Section 1983 is a vehicle available to redress injury suffered by individuals whose constitutional or legal rights have been violated by officials acting under color of law.") However, in his motion to amend his complaint on July 10, 2020, Dingler expressed he only intended to petition for a writ of habeas corpus under § 2241 and that he does not seek relief under § 1983. (ECF No. 28.)

requirement' for habeas corpus jurisdiction." <u>Leslie</u>, 296 F.3d at 521-22 (quoting <u>Maleng</u>, 490 U.S. at 491-92).

Dingler is not in physical custody nor is there any indication from the complaint and its attached exhibits that he is subject to a severe restraint on his individual liberty. Dingler argues that his liberty is restrained because he was denied access to Tennessee state courts and he cannot access a law school library.[3] (ECF No. 28, at 5, 7.) He does not allege, however, a "present restraint from a conviction" such as "[being] on parole or probation, awaiting trial on bail, on military reserve status, on bond after conviction and pending execution of sentence, [or] involuntarily civilly committed for mental evaluation/treatment or rehabilitation." <u>Maleng</u>, 490 U.S. at 492; <u>Singleton v. Eagleton</u>, No. 2:12-cv-02339-GRA, 2013 WL 4436409, at *5 n.8 (D.S.C. Aug. 15, 2013). Because he does not meet the "in custody" requirement,

---

[3] The Sixth Circuit recognizes a constitutionally protected right of access to the courts, which must conform to "the requirements of § 1983." <u>Flagg v. City of Detroit</u>, 715 F.3d 165, 173-74 (6th Cir. 2013) (citing <u>Christopher v. Harbury</u>, 536 U.S. 403, 415 n.12 (2002)). To assert a claim for denial of access to the courts, a plaintiff must show: "(1) a non-frivolous underlying claim; (2) obstructive actions by state actors; (3) 'substantial[ ] prejudice' to the underlying claim that cannot be remedied by the state court; and (4) a request for relief which the plaintiff would have sought on the underlying claim and is now otherwise unattainable." <u>Id.</u> at 174 (citations omitted). While the underlying claim does not have to be meritorious, it must be at least "arguable." <u>Id.</u> at 173. Because Dingler has not brought a suit under § 1983 or pleaded facts that state a cognizable claim for habeas corpus review, his denial of access to the courts claim must fail at this juncture as well.

Dingler is not eligible for habeas corpus review. Accordingly, Dingler's complaint should be dismissed.

### III. RECOMMENDATION

For the reasons above, the undersigned recommends that Dingler's complaint be dismissed for failure to state a claim.

Respectfully submitted,

s/ Tu M. Pham
TU M. PHAM
Chief United States Magistrate Judge

August 31, 2010
Date

**NOTICE**

**WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY OF THIS REPORT AND RECOMMENDED DISPOSITION, ANY PARTY MAY SERVE AND FILE SPECIFIC WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS AND RECOMMENDATIONS. ANY PARTY MAY RESPOND TO ANOTHER PARTY'S OBJECTIONS WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY. 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b)(2); L.R. 72.1(g)(2). FAILURE TO FILE OBJECTIONS WITHIN FOURTEEN (14) DAYS MAY CONSTITUTE A WAIVER OF OBJECTIONS, EXCEPTIONS, AND FURTHER APPEAL.**