# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

| | |
|---|---|
| JOSEPH DINGLER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )  Case No. 2:20-cv-02436-JTF-tmp |
| | ) |
| SHELBY COUNTY PROBATE COURT | ) |
| CLERK, et al., | ) |
| | ) |
| Defendant. | ) |

**ORDER DENYING AS MOOT PLAINTIFF'S MOTION TO AMEND PLEADING; ORDER DENYING PLAINTIFF'S MOTION FOR AN EXPEDITED RULING; ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION; AND ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION, DENYING PLAINTIFF'S OBJECTIONS, AND DISMISSING CASE**

Plaintiff Joseph Dingler filed his *pro se* complaint against Defendants Shelby County Probate Court Clerk, Shelby County Probate Court, Bill Morrison, and Sam Powers ("Defendants") one June 18, 2020. (ECF No. 1.) Plaintiff also filed a Motion seeking leave to proceed *in forma pauperis* (ECF No. 2), which was granted on July 9, 2020. (ECF No. 24.) Several motions in this case are now before the Court and ripe for consideration, including a Report and Recommendation ("R. & R.") entered by the Chief Magistrate Judge on August 31, 2020. (ECF No. 32.) For the following reasons, the R. & R. should be adopted, and Plaintiff's pending motions either denied or denied as moot. Each of these matters will be addressed in turn.

## FACTUAL HISTORY

In the R. & R., the Chief Magistrate Judge provides, and this Court adopts and incorporates, proposed findings of fact in this case. (ECF No. 32, 1-3.)

1

## **LEGAL STANDARD**

Congress passed 28 U.S.C. § 636(b) "to relieve some of the burden on the federal courts by permitting the assignment of certain district court duties to magistrates." *United States v. Curtis*, 237 F.3d 598, 602 (6th Cir. 2001). Pursuant to the provision, magistrate judges may hear and determine any pretrial matter pending before the Court, except various dispositive motions. 28 U.S.C. § 636(b)(1)(A). Upon hearing a pending matter, "the magistrate judge must enter a recommended disposition, including, if appropriate, proposed findings of fact." Fed. R. Civ. P. 72(b)(1); *see also Baker v. Peterson*, 67 F. App'x 308, 310 (6th Cir. 2003). Any party who disagrees with a magistrate's proposed findings and recommendation may file written objections to the report and recommendation. Fed. R. Civ. P. 72(b)(2).

The standard of review that is applied by the district court depends on the nature of the matter considered by the magistrate judge. *See Baker*, 67 F. App'x at 310 (citations omitted) ("A district court normally applies a 'clearly erroneous or contrary to law' standard of review for nondispositive preliminary measures. A district court must review dispositive motions under the *de novo* standard."). However, the district court is not required to review, and indeed "should adopt[,] the findings and rulings of the Magistrate Judge to which no specific objection is filed." *Brown v. Bd. of Educ. of Shelby Cty. Sch.*, 47 F. Supp. 3d 665, 674 (W.D. Tenn. 2014) (citing *Thomas v. Arn*, 474 U.S. 140, 149, 106 S. Ct. 466, 472, 88 L.Ed.2d 435 (1985)). This is consistent with the purposes of 28 U.S.C. § 636, particularly to preserve judicial economy and protect against the "duplication of time and effort" caused when "both the magistrate and the district court perform identical tasks." *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991).

28 U.S.C. § 1915(e)(2) Screening

Pursuant to Local Rule 4.1, service will not issue in a pro se case where the pro se plaintiff has been granted leave to proceed *in forma pauperis* until the complaint has been screened under 28 U.S.C. § 1915(e)(2)(B); LR 4.1(b). Specifically, courts are required to screen *in forma pauperis* complaints and dismiss any complaint, or portion thereof, if the allegation of poverty is untrue or if the action (i) is frivolous or malicious, (ii) fails to state a claim on which relief may be granted, or (iii) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2).

Standard of Review for Failure to State a Claim

In assessing whether Plaintiff's Complaint states a claim upon which relief may be granted, the standards under Rule 12(b)(6) of the Federal Rules of Civil Procedure, as stated in *Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555–57 (2007), are applied. *Hill v. Lappin*, 630 F.3d 468, 470 (6th Cir. 2010). "Accepting all well-pleaded allegations in the complaint as true, the Court 'consider[s] the factual allegations in [the] complaint to determine if they plausibly suggest an entitlement to relief.'" *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011) (alteration in original) (quoting *Iqbal*, 556 U.S. at 681). Additionally, although not free from basic pleading requirements, *pro se* pleadings are "held 'to less stringent standards than formal pleadings drafted by lawyers,' and should therefore be liberally construed." *Curtin*, 631 F.3d at 383 (quoting *Martin v. Overton*, 391 F.3d 710, 712 (6th Cir. 2004)). Even so, *pro so* litigants must adhere to the Federal Rules of Civil Procedure, and the Court cannot create a claim that has not been spelled out in a pleading. *Falkner v. United States*, No. 11-2982-STA-cgc, 2012 U.S. Dist. LEXIS 93372, at *16 (W.D. Tenn. July 6, 2012).

## ANALYSIS

### 1. Motion to Amend Original Pleading

The first motion for consideration is Plaintiff's Motion to Amend Original Pleading. (ECF No. 28.) During the initial screening of Plaintiff's complaint under 28 U.S.C. § 1915(e)(2)(B)(ii), the Chief Magistrate Judge authorized Plaintiff, *sua sponte,* to file an amended complaint, notifying Plaintiff that he is not eligible for habeas corpus review as a non-prisoner; the order was entered on July 10, 2020. (ECF No. 26.) The order also explained that other federal statutes, such as 42 U.S.C. § 1983, provide possible avenues for relief to those who believe their rights under the United States constitution have been violated. (*Id*. at 4.) Later that day, Plaintiff filed his Motion to Amend Original Pleading, arguing that he is entitled to habeas corpus review and explaining why it would not be in his best interest to file a claim under 42 U.S.C. § 1983. (ECF No. 28.) Because Plaintiff was expressly authorized to amend his pleadings, pursuant to the Chief Magistrate Judge's order, the Court finds that Plaintiff's motion to amend should be denied as moot.

### 2. Motion for Expedited Ruling

Plaintiff then filed a Motion for Expedited Ruling on August 19, 2020, arguing that the Clerk's failure to issue summons under Local Rule 4.1 warrants an expedited ruling from the Court. (ECF No. 31.) Local Rule 4.1(b) provides, "If a *pro se* plaintiff who is not a prisoner is proceeding *in forma pauperis*, the Clerk will issue summonses only if directed to do so by the Court following screening pursuant to 28 U.S.C. § 1915(e)(2)(B)." At the time Plaintiff filed his request for an expedited ruling, the Clerk's office had not issued summons in his case because the Court was still screening his complaint. Plaintiff urges the Court to overlook the requirements of

28 U.S.C. § 1915(e)(2) and LR 4.1 but provides no authority or persuasive reason for doing so. Thus, his request for an expedited ruling should be denied.

### 3. Motion for Reconsideration

Plaintiff filed two motions seeking access to the electronic case docket and filings via the Court's online system. (ECF Nos. 13 & 33.) The Chief Magistrate Judge denied these motions as moot because Plaintiff already possessed the ability to access the online case docket by setting up a personal account through the Public Access to Court Electronic Records ("PACER") system. (ECF No. 34.) The order directed Plaintiff to contact the Clerk's Office if he needed assistance using PACER. (*Id.*) Plaintiff filed a Motion for Reconsideration of the ruling, arguing that he lacks the financial means to access PACER. (ECF No. 35.)

As Plaintiff notes, PACER is a web-based service that charges small fees for access to electronic case docket and filings. (ECF No. 34.) Although the service currently charges $0.10 per page view,[1] which is less than the $0.50 fees Plaintiff reports, the Court recognizes the financial strain this can cause indigent litigants. While these access fees are not waived when a plaintiff is granted IFP status under 28 U.S.C. § 1915(a), the Court is aware of at least five ways they can be avoided. First, the PACER website explains that quarterly, any fees amounting to $30 or less will be waived. *See* https://pacer.uscourts.gov/. Second, notwithstanding building restrictions currently imposed because of the COVID-19 virus, litigants may review electronic case filings on the public access terminals located in the Clerk's Office. *Pro Se Guide*, 9. Third, if a litigant does not physically have access to the Clerk's Office for any reason, he or she may call the Office

---

[1] Administrative Office of the U.S. Courts, *Public Access to Court Electronic Records (PACER)*, "How much does it cost to access documents?" https://pacer.uscourts.gov/ (last accessed December 11, 2020). *See also* United States District Court for the Western District of Tennessee, *Filing a Civil Case Without an Attorney A Guide for the Pro Se Litigant*, no. 9. "Communicating with the Court" https://www.tnwd.uscourts.gov/pdf/content/ProSeGuide.pdf (last accessed December 10, 2020) (hereinafter "Pro Se Guide").

telephonically to request basic docket information. *Id*. Fourth, all filings and docket entries will be either mailed in hard copy or e-mailed to pro se litigants according to their preference; *Electronic Case Filing Attorney User Manual* (I)(A)(4),(6). Lastly, individuals who receive electronic notifications are provided one opportunity to view each newly filed document for free without paying PACER's per-page access fee. *Id*.

Here, Plaintiff argues that "due diligence" requires him to "follow[] up" on whether summons have issued in his case. (ECF No. 35.) Plaintiff implies that he is incurring PACER fees each time he checks on the progress of his case. To Plaintiff, this "cost of knowing what is transpiring is far too substantial." (*Id*.) This does not show, however, as Plaintiff alleges, that he is being denied access to the Court or its filing system, nor that the Chief Magistrate Judge's ruling should be overturned. (ECF Nos. 13; 33; & 35.) As detailed above, while Plaintiff's IFP status does give him free access to PACER, there are numerous ways Plaintiff can check on the progress of his case without incurring the service fees. Plaintiff is responsible for keeping the Court apprised of his email and mailing address, primarily so that he can receive updates in his case, which will be sent to him for free pursuant to the Local Rules of this Court. Therefore, Plaintiff's Motion to Reconsider should be denied.

**4. Report and Recommendation to Dismiss the Complaint**

On July 10, 2020, seven weeks before the R. & R. was entered, the Chief Magistrate Judge notified Plaintiff that "he cannot bring a habeas claim under 28 U.S.C. § 2241" unless he alleges facts that satisfy the statute's "in custody" requirement. (ECF No. 26, 4.) Plaintiff was given express authorization "to file an amended complaint that resolves the pleading issues identified" and warned that his failure to do so would result in his complaint undergoing a 28 U.S.C. § 1915(e)(2)(B) screening. (*Id*. at 5.) Plaintiff chose not to amend his complaint. Accordingly, the

Chief Magistrate Judge conducted a screening of Plaintiff's claims and entered the R. & R. advising the Court to dismiss the complaint for failing to state a claim because, although Plaintiff alleges that his liberty was restrained, he has not alleged facts that satisfy the "in custody" requirement for habeas corpus jurisdiction. (ECF No. 32, 5-6) (quoting *Leslie v. Randall*, 296 F.3d 518, 521 (6th Cir. 2002)). In his objections, Plaintiff insists that his 28 U.S.C. § 2241 habeas corpus claim has merit (ECF No. 36) but he still fails to allege any facts establishing that he is in custody or that his liberty has been severely restrained by the government. *Leslie*, 296 F.3d at 521. As the R. & R. found, Plaintiff's conclusory allegations that he was denied access to Tennessee state courts and prevented from using a law school library, do not establish a valid basis for habeas corpus review. (ECF No. 32, 6.) Therefore, the Court finds that the R. & R. should be adopted, and Plaintiff's complaint dismissed with prejudice for failing to state a claim.

## CONCLUSION

For the foregoing reasons, Plaintiff's Motion to Amend Original Pleading (ECF No. 28) is **DENIED** as moot, his Motion for Expedited Ruling (ECF No. 31) is **DENIED**, and his Motion for Reconsideration (ECF No. 35) is **DENIED**. Upon *de novo* review, the Court hereby **ADOPTS** the Magistrate Judge's Report and Recommendation (ECF No. 32), **DENIES** Plaintiff's objections, and **DISMISSES** Plaintiff's claims with prejudice.

**IT IS SO ORDERED** this 14th day of December 2020.

*s/John T. Fowlkes, Jr.*
JOHN T. FOWLKES, JR.
United States District Judge